**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiff, 　　　 )<br>　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　)<br>MICHAEL ANTHONY MILLER, 　 )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendant. 　　 )<br>　　　　　　　　　　　　　　　　) | Case No.: 2:22-cr-00179-GMN-VCF-1<br><br>**ORDER CONTINUING**<br>**SENTENCING HEARING** |

　　　　Defendant pled guilty to one count of Felon in Possession of a Firearm without the benefit of a plea agreement. (Min. Proceedings, ECF No. 35).  The Court scheduled the sentencing hearing for October 27, 2023. (Min. Order, ECF No. 38).  The Government now moves to continue the sentencing hearing because the lead—and only—prosecutor in this case is traveling to another district for a separate, time-sensitive investigation. (Mot. Cont. Sentencing 2:6–12, ECF No. 40).  The Government further seeks additional time to locate and ensure the testimony of a potentially necessary witness for the hearing, testimony which would bear directly on a contested enhancement. (*Id.* 2:13–20).  For the reasons discussed below, the Court **GRANTS** the Government's Motion over Defendant's objections.

　　　　Defendant opposes continuing his sentencing hearing on three grounds: (1) the Government has had more than three months to resolve the scheduling conflict; (2) the Government has had more than a year to locate the witness and more than 90 days to subpoena the witness in anticipation of the sentencing hearing; and (3) any delay would prejudice Defendant. (Resp. 2:2–3:2, ECF No. 43).  Regarding Defendant's first ground, the Court notes that due to a conflict in the Court's schedule, the Court rescheduled the sentencing hearing for October 27, 2023, in a minute order entered on October 2, 2023. (Min. Order, ECF No. 38).  So the Government had less than one month to resolve the scheduling conflict, not three.  As to the

Government's attempt to locate a witness, the Court does not have information suggesting that the Government delayed locating the witness or otherwise caused undue delay.  Defendant's objections based on the Government's alleged delay in resolving a scheduling conflict and locating a witness do not override the Government's cause for a continuance.

Lastly, the Court is not persuaded that any prejudice to Defendant resulting from a short continuance is reason to deny the Government's Motion.  Until Defendant is sentenced, his time in federal custody has not yet begun to run, he is unable to resolve his pending state case, and he is unable to participate in meaningful programming that could allow him to earn time credits.  (Resp. 2:21–3:2).  But as the Government states in its Reply, the Court may consider Defendant's time in state custody when determining his final sentence. (Reply 1:21–2:1, ECF No. 44) (citing 18 U.S.C. §§ 3553, 3584; U.S.S.G. § 5G1.3(d)); *see also Setser v. United States*, 566 U.S. 231, 236 (2012) (concluding that federal district court judges have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences, including state sentences the judge anticipates but have not yet been imposed).  The Court finds that any prejudice to Defendant is mitigated by the Court's discretion at sentencing.

For good cause appearing, **IT IS HEREBY ORDERED** that the Government's Motion to Continue Sentencing, (ECF No. 40), is **GRANTED.  IT IS FURTHER ORDERED** that the sentencing and disposition set for October 27, 2023, at 11:00 AM is **VACATED AND CONTINUED** to November 14, 2023, at 9:00 AM in LV Courtroom 7D before Judge Gloria M. Navarro.

Dated this  24  day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT